**ANN E. ARIANO, ESQUIRE**
**6121 Chatham Court**
**Harrisburg, PA  17111**
**(717) 564-6955**
**Fax:(717) 564-5411**
**Arianolaw@pa.net**
**Supreme Court identification number  PA-65178**
=================================================
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


**UNITED STATES OF AMERICA,**   :    **CRIMINAL NO. 1:20-CR-41**


                                          :    **( JUDGE WILSON)**
         **v.**                           :
                                          :
**DANIEL BOOSE**
          **Defendant**                   :


### SENTENCING MEMORANDUM
### MOTION FOR DOWNWARD DEPARTURE OR VARIANCE

Defendant DANIEL BOOSE by counsel, hereby submits the following

memorandum in aid of sentencing

## I.  The Presentence Report

According to the PSR Mr. Boose's  guideline range is 168 -210 months based upon a

total offense level of 30 and a criminal history category of VI. Mr. Boose filed objections

to the calculation of the guideline range. He specifically objects to the Probation Officer's

conclusion that a 4 level increase is warranted pursuant to USSG 2.2(b)(4). The  Attorney

for the Government and the Defense have conferred and are in agreement that this

enhancement does not apply and that the Defense's objection should be sustained. The

defendant avers  that the proper total offense level is 26 and the starting advisory

guideline range is 120-150 months.

## II. Request for Departure/Variances from the Guideline Range

**1.**   Mr. Boose's Criminal History is Overstated

The defense avers that Mr. Boose should receive a downward departure under U.S.S.G

4A1.3 as the defendant's criminal history category substantially over-represents the

seriousness of the defendant's criminal history. The defendant contends that his adult

record is for non-violent, largely minor offenses i.e. driving under the influence and

simple possession. As  is detailed in the evaluation prepared by Frank M. Dattilio, Ph.D

Mr. Boose has a serious problem with both alcohol and drugs that began in his early teen

years and peaked in his 20s and early 30s when the aforementioned offenses occurred.

With respect to his more recent offenses Mr. Boose offers the following as clarification

of the facts as stated in the PSR.

The charges at paragraph 46 of the PSR resulted from a domestic argument with Mr.

Boose's  then girlfriend and the mother of his child. Although he admits to wrestling with

her on the ground, this followed her scratching his eye and biting him. He admits to

2

having his hands on her shoulders and was holding her down but he was not trying to choke her nor did he threaten to kill her.  The incident detailed in paragraph 47 to which he also pleaded no contest stems from a separate edomestic dispute with his then girlfriend and the mother of his child. At the time of this incident Mr. Boose was living in a separate apartment from his girlfriend although it was in the same building. On the night in question she returned to the apartment building at about 3am after going out with friends. She went to Mr. Boose's apartment where their daughter was sleeping.  She wanted to take the baby but he resisted since the child was already asleep. They argued and got into a struggle, during the struggle he elbowed her in the temple but did not choke her. The facts of this incident and the one described in paragraph 46 were placed on the record at a PFA hearing held in September 2019.

USSG §4A1.3(b)(1) states, "If reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, a downward departure may be warranted." Based on the facts herein stated the defendant respectfully submits that his criminal history is overstated and requests that this Court depart downward to a criminal history Category V. The resulting advisory guideline range would then be 110 to 137 months.

**2.**  Daniel's History and Characteristics

Wanda Stiffler was only 17 years old when she gave birth to her first child, Daniel Boose. She was in a relationship with a man who was 8 years her senior and who would prove to be both physically and sexually violent towards her. Daniel's father, Richard Alfred Boose was an alcoholic who provided little in the way of support both financially and emotionally to Wanda and their child. Richard eventually moved out of their home and remained absent for the rest of Daniel's childhood. Although the beatings she endured at Richard's hands ended with his departure, Wanda's own demons prevented her from being the loving and nurturing mother that all children deserve to have. Her alcohol and marijuana use led her to be neglectful of her son and his needs. She engaged in reckless behaviors, they moved around frequently and  she engaged in relationships with many different men some of whom were physically abusive to young Daniel. Wanda's neglectful behavior also led to Daniel being exposed to a neighbor who sexually abused Daniel when he was only 5 years old. Daniel was again subject to sexual molestation at the hands of a friend of his mothers when he was 7 years old. The molestation continued until he was 12 years old. [1]  Since Mr. Boose did not tell anyone about the sexual abuse that he suffered  he did not receive any counseling or treatment

---

[1] The details of the molestation endured by Mr. Boose are included in Dr. Datillios's Evaluation.

that may have helped him recover from this trauma.  As he grew into a young teenager Daniel began to engage in self destructive behaviors that included alcohol and drug use as well as engaging in intimate relationships with multiple partners while still a teenager. Daniel's also began to show symptoms of mental health issues such as depression. The latter became critical and led to him being placed in a psychiatric unit following his mother's suicide attempt.

 His addictions and poor choices led to contacts with the juvenile court system as well as eventual adult  criminal convictions for DUIs and drug possession when he was in his 20s and early 30s. In recent years his addictions and compulsive behaviors also led him to engage in personal relationships with women who shared many of his addictive behaviors. The one bright spot in Daniel's life is his 3 year old daughter. He loves her very much and although incarcerated maintains a relationship with her through phone and video calls. Due to the ongoing Covid 19 pandemic in person visits have been limited or cancelled.

Daniel has been incarcerated on the Adams County charges since January 2020. While incarcerated  he has experienced sobriety for the first time in many years.  He has now been clean and sober for 24 months.

Mr. Boose recognizes that he is an addict with respect to drug and alcohol use as well as sexuality. He is deeply regretful of his actions in the instant offense and is very amenable

to treatment. He accepts full responsibility for his offenses and expressed his remorse for his behaviour to the probation officer, counsel and to Dr. Datillio.

Dr. Datillio administered a series of psychological tests to Mr. Boose which included a Sexual Risk Assessment. The full results of all of these tests are detailed in his evaluation. In short, the Sexual Risk Assessment reveals that Daniel "has no serious antisocial personality disorder or propensities towards sexually violent predatory behaviours." (see Datillio report at 19). Dr. Datillio concludes that his low score on this assessment suggests that Mr. Boose is not a likely candidate to engage in future sex offenses. Dr. Datillio also cites studies that have shown that individuals like Mr. Boose whose actions are limited to viewing underage CP on the internet have a very low rate of sexual recidivism. ( see report at 20). Dr. Datillio untimately concludes that Mr. Boose has a good prognosis for future treatment and he outlines the type of programs that would be beneficial. (report at 21-22).

This Court  has the option of imposing a variance below the now advisory guideline range. In the wake of *Booker*, this Court has discretion to sentence Mr. Boose below the guideline range as long as the sentence is "reasonable" in light of the other 3553(a) factors. *See Booker, 125 S.Ct. at 765-67.*As *Booker* emphasized, under the Sentencing Reform Act, "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may

receive and consider for the purpose of imposing an appropriate sentence." *Booker*, 125 S.Ct. at 760.

In addition, an examination of Daniel's past and the factors which led him to commit the instant offense will also demonstrate that a below guideline sentence is more than sufficient to comply with the purposes of sentencing both under the Guidelines and under the broader authority of Section 3553(a). Such a sentence will reflect the seriousness of Daniel's offense and will meet the needs of the public, while taking into consideration his life history, the need for treatment as well as avoidance of unwarranted disparity. Mr. Boose has no history of sexual offenses yet the sentence he potentially faces is more than double the mandatory minimum of 60 months due to his criminal history points. The defense agrees with the probation officer's recommendation in the PSR that the Court consider the disparity in sentences imposed in similar cases in considering whether a downward variance is warranted for Mr. Boose.

Mr. Boose further contends that a lengthy sentence, as is suggested by the advisory guidelines, is not necessary to achieve the goals of 3553(a). Daniel hopes to participate in the BOP's RDAP intensive drug treatment program as well as sexual offender treatment programs which will address the goals of treatment and relapse prevention.

A below guideline sentence is also sufficient to protect the public. Because a sentence within the advisory guideline range suggested by the PSR would not serve the needs of the public any better than the proposed reduced sentence, such a sentence is greater than

necessary under 18 U.S.C. 3553(a). As the Supreme Court has recognized, the imposition of too harsh a sentence, even if the sentence is a guideline sentence, can undermine respect for the law. "{A} sentence of imprisonment may work to promote, not respect, but derision, of the law if the law is viewed merely as a means to dispense harsh punishment without taking into account the real conduct and circumstances involved in sentencing." *Gall v. United States*, 128 S.Ct. 586, 599 (2007).

Accordingly, the defendant respectfully suggests that a variance/departure  from the advisory guideline range is warranted.

## III.    **Undischarged State Sentence**

Daniel is currently incarcerated at SCI Benner Twnshp. on the  Adams County sentence of 4 to 8 years imprisonment.

The advisory guidelines at U.S.S.G. Section 5G1.3(d) provide in pertinent part that:

"(d) (Policy Statement) In any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." The application notes to this section states that in order to achieve a reasonable incremental punishment for the instant offense and avoid unwarranted disparity the Court should consider various factors including

the type and length of the prior undischarged sentence as well as the factors set forth in Section 3553(a). (U.S.S.G. Section 5G1.3 application note 4(A). The United States Supreme Court has ruled that federal courts have discretion to order that the sentences they impose will run concurrently with or consecutively to other state sentences that are anticipated but not yet imposed. *See Setser v. United States,* 132 S.Ct. 1463,1468 (2012).

The defendant respectfully requests that this Court impose the sentence for the federal offense to run concurrent to Mr. Boose's prior undischarged term of imprisonment and to recommend that the Bureau of Prisons designate a Pennsylvania State Correctional Institution for the defendant to serve a portion of his new federal sentence.

For offenses committed after November 1, 1987, commencement of a federal sentence is governed by 18 U.S.C. Section 3585(a), and prior custody credit is governed by 18 U.S.C. Section 3585(b). The authority of the Attorney General to compute sentences has been delegated to the Federal Bureau of Prisons by 28 C.F.R. Section 0.96 (2010). Under 18 U.S.C. Section 3585(a) a federal sentence commences when the defendant is received by the Attorney General of the United States for service of his federal sentence. *Pinaud v. James*, 851 F.2d 27 (2d Cir. 1988); *Salley v. United States* 786 F.2d 546 (2d Cir. 1986). When a federal sentence is imposed on a defendant in state custody, the federal sentence may commence when the Attorney General agrees to designate the state facility for service of the federal

9

sentence. *Barden v. Keohane*, 921 F.2d 476 (3d. Cir. 1990).  Present 18 U.S.C. Section 3621 explicitly vests the designation authority in the Bureau of Prisons.

If the Court requests the Bureau of Prisons to designate a state institution to serve part of his federal sentence, the Defendant may be able to discharge the state and federal sentences simultaneously and be eligible  to participate in beneficial rehabilitative programs that will ease his reentry to society.

## IV.   Conclusion

For all the reasons cited herein, Defendant Daniel Boose respectfully requests that the Court depart or issue a variance from the advisory guideline range.   A below guideline sentence would serve the interests of the public while still taking into account other sentencing considerations, including the seriousness of the offense,  avoiding unwarranted disparity as well as his addictions and family history. A below guideline sentence is also sufficient but not greater than necessary to effectuate the policy goals of 18 U.S.C. Section 3553(a).

The defendant further requests that this Court:  (1) order that Mr. Boose's imprisonment on the federal charge is to run concurrent with the undischarged portion of the pre-existing state sentences at Adams County Court Docket Nos: 66-2019 and 1015-2019 and (2)

recommend that the Bureau of Prisons designate a state institution for service of  Mr.

Boose's federal sentence.

   We also ask the Court to recommend to the Bureau of Prisons that, when transferred to a

federal prison, Mr. Boose be allowed to serve his sentence at a facility that is close to his

home in Gettysburg, PA  so that his family may be able to visit him and that he be admitted

to the RDAP program as well as any programs for sexual offenders offered by the BOP.

RESPECTFULLY SUBMITTED,

<u>/s</u>
ANN E. ARIANO, ESQUIRE
6121 CHATHAM COURT
Harrisburg, PA  17111
(717) 564-6955  (Office)
(717) 564-5411 (Fax)
arianolaw@pa.net
**ATTORNEY FOR THE  DEFENDANT**

The Law Offices of ANN E. ARIANO
6121 CHATHAM COURT
Harrisburg, Pennsylvania  17111
Telephone (717) 564-6955
FAX (717) 564-5411
Email: arianolaw@pa.net
     By:  ANN ARIANO, ESQUIRE

## CERTIFICATE OF SERVICE

I hereby certify that on this date I served a true copy of the attached document upon the

person(s) named below:

### VIA E-FILING

CHRISTIAN T. HAUGSBY,  ESQUIRE
ASSISTANT UNITED STATES ATTORNEY
MIDDLE DISTRICT OF PENNSYLVANIA

### VIA REGULAR MAIL

DANIEL L. BOOSE

RESPECTFULLY SUBMITTED,

The Law Offices of ANN E. ARIANO

By: /S
ANN E. ARIANO, ESQUIRE
BAR No. PA- 65178
6121 CHATHAM COURT
Harrisburg, PA  17111
(717) 564-6955  (OFFICE)
(717) 564-5411 (FAX)
arianolaw@pa.net
**ATTORNEY FOR DEFENDANT**